IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY GRIMES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-259-MHT-CWB |
| | ) | |
| BLAKE TURMAN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, who is an inmate confined at the Covington County Jail, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 2). By Order entered June 21, 2023, Plaintiff was informed that the Complaint was deficient for several reasons. (Doc. 6). The June 21, 2023 Order further informed Plaintiff that his failure to file a timely curative amendment would result in a recommendation of dismissal. (*Id*. at pp. 2-3).

Notwithstanding that admonition, Plaintiff did not file an amendment or take any other action by the imposed deadline. The undersigned views such failure as reflecting a lack of interest in the continued prosecution of this case, which cannot proceed absent Plaintiff's active participation. Considering Plaintiff's willful failure to file an amendment as directed, the undersigned finds that any lesser sanctions than dismissal would not be appropriate under the circumstances. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious

1

disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

Dismissal also would be proper for the reasons set forth in the June 21, 2023 Order. (Doc. 6).  In short, the Complaint (Doc. 2) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff has failed to plead a sufficient factual or legal basis to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  All of Plaintiff's allegations are vague and conclusory, without sufficient factual content to support the asserted legal conclusions.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Such are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient to state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  *See also Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks and citation omitted).

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than August 8, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 25th day of July 2023.

_____

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**